John J. Burke, ISB #4619
Amy K. Holm, ISB#8705
ELAM & BURKE, P.A.
251 East Front Street Suite 300
Post Office Box 1539
Boise, Idaho 83701
Telephone: (208) 343-5454
Facsimile: (208) 384-5844
jjb@elamburke.com
akh@elamburke.com

Attorneys for Defendant Corizon, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| POCATELLO HOSPITAL LLC d/b/a PORTNEUF MEDICAL CENTER,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>CORIZON LLC,<br><br>　　　　　　　　Defendant. | Case No.  4:16-cv-00032-MWB<br><br>**ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW Defendant, Corizon, LLC ("Corizon"), by and through its counsel of record, Elam & Burke, P.A., and in answer to the Complaint and Demand for Jury Trial ("Complaint") filed by Plaintiff Pocatello Hospital, LLC d/b/a Portneuf Medical Center ("Portneuf"), admits, denies, and alleges as follow:

## **FIRST DEFENSE**

Plaintiff's Complaint, and each and every allegation therein, fails to state a claim upon which relief may be granted.

ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL - 1

## SECOND DEFENSE

Based upon either a lack of information or the belief that certain allegations contained in Plaintiff's Complaint are untrue, Corizon denies each and every allegation of Plaintiff's Complaint except those specifically admitted herein.

## THIRD DEFENSE

With respect to the specific allegations contained in Plaintiff's Complaint, Corizon admits, denies and/or alleges as follows:

## SUMMARY OF ACTION

1. Corizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint and, therefore, denies the same.

## JURISDICTION AND VENUE

2. With respect to the allegations in Paragraph 2 of Plaintiff's Complaint, Corizon admits only that the amount in controversy exceeds $75,000. Corizon denies the remaining allegations contained in paragraph 2 of Plaintiff's Complaint, including Plaintiff's characterizations, and to the extent that such allegations are legal conclusions, no response is necessary.

3. With respect to the allegations in Paragraph 3 of Plaintiff's Complaint, Corizon admits only that the events giving rise to Plaintiff's Complaint occurred in Idaho. Corizon denies the remaining allegations contained in paragraph 2 of Plaintiff's Complaint, including Plaintiff's characterizations, and to the extent that such allegations are legal conclusions, no response is necessary.

## PARTIES

4.      Corizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint and, therefore, denies the same.

5.      With respect to the allegations in Paragraph 5 of Plaintiff's Complaint, Corizon admits only that Corizon, LLC is a Missouri limited liability company which does business in Idaho with its principal place of business in Brentwood, Tennessee.  Corizon further admits that Corizon, LLC was formerly known as Corizon, Inc., which was formerly known as Correctional Medical Services, Inc.  Corizon further admits that it contracts with the Idaho Department of Correction ("IDOC") to provide health care services to inmates in Idaho.  Corizon denies the remaining allegations contained in paragraph 5 of Plaintiff's Complaint, including Plaintiff's characterizations, and to the extent that such allegations are legal conclusions, no response is necessary.

6.      Corizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint and, therefore, denies the same.

## FACTS

7.      With respect to paragraph 7 of Plaintiff's Complaint, Corizon admits only that on January 1, 2011, Corizon and Portneuf entered into a Hospital Services Agreement ("HSA").  Corizon denies the remaining allegations contained in paragraph 7 of Plaintiff's Complaint, including Plaintiff's characterizations, and to the extent that such allegations are legal conclusions, no response is necessary.

8. With respect to paragraph 8 of Plaintiff's Complaint, Corizon admits only that the HSA speaks for itself. Corizon denies the remaining allegations contained in paragraph 8 of Plaintiff's Complaint, including Plaintiff's characterizations, and to the extent that such allegations are legal conclusions, no response is necessary.

9. With respect to paragraph 9 of Plaintiff's Complaint, Corizon admits only that paragraph 2.1 of the HSA speaks for itself. Corizon further alleges that Portneuf provided hospitalization, inpatient, and outpatient services to inmates. Corizon denies the remaining allegations contained in paragraph 9 of Plaintiff's Complaint, including Plaintiff's characterizations, and to the extent that such allegations are legal conclusions, no response is necessary.

10. With respect to paragraph 10 of Plaintiff's Complaint, Corizon admits only that the HSA speaks for itself. Corizon further alleges that Idaho Code §20-237B sets the maximum reimbursement rates for prisoners at an amount no greater than the reimbursement rates applicable based on the Idaho Medicaid reimbursement rate. Corizon denies the remaining allegations contained in paragraph 10 of Plaintiff's Complaint, including Plaintiff's characterizations, and to the extent that such allegations are legal conclusions, no response is necessary.

11. With respect to paragraph 11 of Plaintiff's Complaint, Corizon admits only that the HSA speaks for itself. Corizon denies the remaining allegations contained in paragraph 11 of Plaintiff's Complaint, including Plaintiff's characterizations, and to the extent that such allegations are legal conclusions, no response is necessary.

12. With respect to paragraph 12 of Plaintiff's Complaint, Corizon admits only that Portneuf provided medical services to inmates, submitted claims for payment to Corizon, and

that the HSA speaks for itself. Corizon denies the remaining allegations contained in paragraph 12 of Plaintiff's Complaint, including Plaintiff's characterizations, and to the extent that such allegations are legal conclusions, no response is necessary.

13. Corizon denies the allegations contained in paragraph 13 of Plaintiff's Complaint, including Plaintiff's characterizations, and to the extent that such allegations are legal conclusions, no response is necessary.

14. With respect to paragraph 14 of Plaintiff's Complaint, Corizon admits only that the HSA speaks for itself. Corizon denies the remaining allegations contained in paragraph 14 of Plaintiff's Complaint, including Plaintiff's characterizations, and to the extent that such allegations are legal conclusions, no response is necessary.

15. With respect to paragraph 15 of Plaintiff's Complaint, Corizon admits only that in July 2014, Corizon began reimbursing Portneuf pursuant to Idaho Code §20-237B at the Idaho Medicaid reimbursement rate. Corizon further alleges that in May 2014, Corizon sent Portneuf notice that as of July 1, 2014, any contract rate would be superseded by the statutory reimbursement rate. Corizon denies the remaining allegations contained in paragraph 15 of Plaintiff's Complaint, including Plaintiff's characterizations, and to the extent that such allegations are legal conclusions, no response is necessary.

16. Corizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint and, therefore, denies the same, including Plaintiff's characterizations, and to the extent that such allegations are legal conclusions, no response is necessary.

17. With respect to paragraph 17 of Plaintiff's Complaint, Corizon admits only that in July 2014, Corizon began reimbursing Portneuf pursuant to Idaho Code §20-237B at the Idaho

Medicaid reimbursement rate. Corizon further alleges that in May 2014, Corizon sent Portneuf notice that as of July 1, 2014, any contract rate would be superseded by the statutory reimbursement rate. Corizon denies the remaining allegations contained in paragraph 17 of Plaintiff's Complaint, including Plaintiff's characterizations, and to the extent that such allegations are legal conclusions, no response is necessary.

18. With respect to paragraph 18 of Plaintiff's Complaint, Corizon admits only that Portneuf seeks payment for health care services at an alleged rate and the parties have had numerous communications related to payment. Corizon further admits only that in July 2014, Corizon began reimbursing Portneuf pursuant to Idaho Code §20-237B at the Idaho Medicaid reimbursement rate. Corizon further alleges that in May 2014, Corizon sent Portneuf notice that as of July 1, 2014, any contract rate would be superseded by the statutory reimbursement rate. Corizon denies the remaining allegations contained in paragraph 18 of Plaintiff's Complaint, including Plaintiff's characterizations, and to the extent that such allegations are legal conclusions, no response is necessary.

19. Corizon denies the allegations contained in paragraph 19 of Plaintiff's Complaint, including Plaintiff's characterizations, and to the extent that such allegations are legal conclusions, no response is necessary.

20. Corizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Complaint and, therefore, denies the same, including Plaintiff's characterizations, and to the extent that such allegations are legal conclusions, no response is necessary.

21. Corizon denies the allegations contained in paragraph 21 of Plaintiff's Complaint, including Plaintiff's characterizations, and to the extent that such allegations are legal conclusions, no response is necessary.

22. With respect to paragraph 22 of Plaintiff's Complaint, Corizon admits only that the HSA speaks for itself. Corizon denies the remaining allegations contained in paragraph 22 of Plaintiff's Complaint, including Plaintiff's characterizations, and to the extent that such allegations are legal conclusions, no response is necessary.

23. With respect to paragraph 23 of Plaintiff's Complaint, Corizon admits only that the HSA speaks for itself. Corizon denies the remaining allegations contained in paragraph 23 of Plaintiff's Complaint, including Plaintiff's characterizations, and to the extent that such allegations are legal conclusions, no response is necessary.

24. Corizon denies the allegations contained in paragraph 24 of Plaintiff's Complaint, including Plaintiff's characterizations, and to the extent that such allegations are legal conclusions, no response is necessary.

## CAUSE OF ACTION
## BREACH OF CONTRACT

25. Corizon restates each of the above allegations and responses and incorporates them as if set forth fully herein.

26. Corizon denies the allegations contained in paragraph 26 of Plaintiff's Complaint, including Plaintiff's characterizations, and to the extent that such allegations are legal conclusions, no response is necessary.

27. Corizon denies the allegations contained in paragraph 27 of Plaintiff's Complaint, including Plaintiff's characterizations, and to the extent that such allegations are legal conclusions, no response is necessary

28.     Corizon denies the allegations contained in paragraph 28 of Plaintiff's Complaint, including Plaintiff's characterizations, and to the extent that such allegations are legal conclusions, no response is necessary.

29.     Corizon denies the allegations contained in paragraph 29 of Plaintiff's Complaint, including Plaintiff's characterizations, and to the extent that such allegations are legal conclusions, no response is necessary.

30.     Corizon denies the allegations contained in paragraph 30 of Plaintiff's Complaint, including Plaintiff's characterizations, and to the extent that such allegations are legal conclusions, no response is necessary.

31.     Corizon denies the allegations contained in paragraph 31 of Plaintiff's Complaint, including Plaintiff's characterizations, and to the extent that such allegations are legal conclusions, no response is necessary.

32.     Corizon denies the allegations contained in paragraph 32 of Plaintiff's Complaint, including Plaintiff's characterizations, and to the extent that such allegations are legal conclusions, no response is necessary.

## ATTORNEY FEES

33.     Corizon restates each of the above allegations and responses and incorporates them as if set forth fully herein.

34.     Corizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of Plaintiff's Complaint and, therefore, denies the same, including Plaintiff's characterizations, and to the extent that such allegations are legal conclusions, no response is necessary.

35. Corizon denies the allegations contained in paragraph 35 of Plaintiff's Complaint, including Plaintiff's characterizations, and to the extent that such allegations are legal conclusions, no response is necessary.

## PRAYER FOR RELIEF

36. With respect to Plaintiff's Prayer for Relief, Corizon denies that Plaintiff is entitled to any such relief.

## AFFIRMATIVE DEFENSES

By pleading certain defenses as affirmative defenses, Corizon does so for the purpose of completeness and does not intend to suggest that Corizon has the burden of proof for any such defense. Furthermore, as Corizon has not had the opportunity to conduct discovery in this case, Corizon, by failing to raise an affirmative defense, does not intend to waive any such defense, and specifically reserves the right to amend this answer to include additional affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are barred in whole or in part, by Plaintiff's failure to mitigate damages.

## SECOND AFFIRMATIVE DEFENSE

The damages alleged in Plaintiff's Complaint reasonably could have been avoided by Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint and alleged damages, if any, are barred by the doctrine of waiver, estoppel, and laches.

ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL - 9

## FOURTH AFFIRMATIVE DEFENSE

If Plaintiff incurred any damages, the same are the direct and proximate result of intervening acts, constituting superseding causes, over which Corizon had no control, and for which it bears no responsibility.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint and damages, if any, are barred in whole or in part by Idaho Code §20-237B.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint and damages, if any, are barred in whole or in part because Plaintiff was notified that Portneuf would be reimbursed at the Idaho Medicaid reimbursement rates pursuant to Idaho Code.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint and damages, if any, are barred in whole or in part because Plaintiff took the benefits of providing medical services to inmates at the Idaho Medicaid reimbursement rates.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint and damages, if any, are barred in whole or in part because Plaintiff accepted reimbursement pursuant to the Idaho Medicaid reimbursement rate.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint and damages, if any, are barred in whole or in part because Corizon's July 1, 2014, notice that any contract rate would be superseded by the statutory reimbursement rate constituted effective notice of termination of the HSA.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint and damages, if any, are barred in whole or in part because of Plaintiff's failure to fully and timely comply with the claims submission process and/or the appeals process and/or Plaintiff otherwise failed to comply with its obligations under the HSA.

### RESERVATION OF RIGHTS

Discovery has not yet commenced, the result of which may reveal additional defenses to this answering defendant. Corizon reserves the right to amend this Answer if appropriate.

### REQUEST FOR ATTORNEY FEES

Corizon has been required to retain the services of Elam & Burke, P.A., to defend this action, and will continue to incur reasonable attorney fees based upon the time expended in Corizon's defense. Corizon, therefore, alleges and hereby makes a claim against Plaintiff for attorney fees and costs incurred in defending this action, pursuant to Sections 12-120, 12-120(3), and 12-121 of the Idaho Code, Rule 54 of the Federal Rules of Civil Procedure, and all other applicable laws allowing for the recovery of costs or attorney fees in this action.

### PRAYER

**WHEREFORE**, Corizon prays for judgment as follows:

1.   Plaintiff's Complaint be dismissed with prejudice and Plaintiff take nothing thereby;

2.   Corizon be awarded costs, expenses, and reasonable attorney fees incurred in defense of this matter; and

3.   For such other and further relief as the Court deems just and equitable under the circumstances of this lawsuit.

## **DEMAND FOR JURY TRIAL**

Corizon hereby demands a trial by jury on all issues triable pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

DATED this 21st day of March, 2016.

            ELAM & BURKE, P.A.


            BY /s/ JOHN J. BURKE
              John J. Burke - Of the Firm
              Attorneys for Defendant Corizon, LLC


### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 21st day of March, 2016, I electronically filed the foregoing **ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**, with the U.S. District Court. Notice will automatically be electronically mailed to the following individuals who are registered with the U.S. District Court CM/ECF System:

Scott J. Smith        sjs@racinelaw.net


            /s/ John J. Burke
            John J. Burke